**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL ANTONIO HERNANDEZ LOPEZ; BLANCA IRMA AYALA DE HERNANDEZ; ASHLEY NICOLLE HERNANDEZ AYALA, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-75 <br><br> Agency Nos. <br> A216-637-532 <br> A216-637-533 <br> A216-637-534 <br><br> MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2025<sup>**</sup>
Pasadena, California

Before: MURGUIA, Chief Judge, and BENNETT and JOHNSTONE, Circuit
Judges.

Petitioners Samuel Antonio Hernandez Lopez, his wife, Blanca Irma Ayala

---

      \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

de Hernandez, and their minor daughter, A.N.H.A.[1] (collectively, "Petitioners"), seek this court's review of a Board of Immigration Appeals ("BIA") dismissal of their appeal of an Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Petitioners are natives and citizens of El Salvador.

We review for substantial evidence the agency's factual findings, and we review de novo questions of law. *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

### 1. Persecution.[2]

To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To be eligible for withholding of removal, the petitioner must discharge this burden by a "clear probability." *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003); *see* 8 U.S.C. § 1231(b)(3).

---

[1] A.N.H.A. did not file her own application but she was named as a derivative beneficiary on both of her parents' applications.

[2] This court has applied both de novo review, *Kaur v. Wilkinson*, 986 F.3d 1216, 1221 (9th Cir. 2021), and the more deferential substantial evidence standard, *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021), to the question of whether a petitioner's harm rises to the level of persecution. Here, Petitioners' harm does not constitute persecution under either standard.

24-75

"Persecution is an extreme concept and has been defined as the infliction of suffering or harm . . . in a way regarded as offensive." *Kaur*, 986 F.3d at 1222 (quoting *Guo v. Sessions*, 897 F.3d 1208, 1213 (9th Cir. 2018)). Here, Hernandez Lopez was threatened with death and the death of his family members various times while gang members pointed a gun and knife at him. He also received threatening phone calls. The record does not indicate that Hernandez Lopez, or any other family member were ever physically assaulted or injured. Although serious, the threats received by Hernandez Lopez do not rise to the level of past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation marks and citations omitted); *cf. Navas v. INS*, 217 F.3d 646, 658 (9th Cir. 2000) (holding that death threats, in combination with the related murder of family members, rose to the level of past persecution).

The BIA reasonably concluded that Petitioners failed to establish that they have a well-founded fear of future persecution because they remained in El Salvador unharmed and undisturbed for eight months after the last threat. *See Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir. 1991) ("When determining the objective reasonableness of [a noncitizen's] claim of well-founded fear of persecution the BIA may properly consider as significant a petitioner's continued

3                                                    24-75

safe and undisturbed residence in his homeland after the occurrence of the event which is alleged to have induced his fear."). Because a lack of persecution forecloses Petitioners' claims for asylum and withholding of removal, we decline to address whether the BIA erred as to its lack of nexus determination.

## 2. CAT Relief.

To qualify for relief under CAT, Petitioners must establish that "it is more likely than not that [they] would be tortured if removed" to El Salvador. 8 C.F.R. § 1208.16(c)(2). Torture is "more severe than persecution." *Guo*, 897 F.3d at 1217 (quoting *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005)). Petitioners' harm does not rise to the level of persecution, therefore it also does not constitute torture, which is a required element for relief under CAT. Because Petitioners have failed to establish that it is more likely than not that they would be tortured if removed to El Salvador, they do not qualify for relief under CAT.

**PETITION DENIED.**[3]

---

[3] The stay of removal (Dkt. # 12) remains in place until the mandate issues.

24-75